IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0474-20**<br>GPD Report No. 20-28378<br>**Criminal Case No. CF0206-21**<br>GPD Report No. 21-10104 |
| v. | |
| **JAYSON SALAFAN PHILLIP,**<br>DOB: 06/12/1995 | **DECISION AND ORDER**<br>**GRANTING**<br>**THE PEOPLE'S MOTION**<br>**TO REVOKE PROBATION** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 28, 2025 for a Revocation Hearing in the above-captioned matter related to Jayson Salafan Phillip's ("Defendant's") failure to abide by his probationary terms. Defendant was represented by Assistant Public Defender Jocelyn Roden. The People of Guam were represented by Assistant Attorney General Neil Bonavita. Having duly considered the Parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order Granting the People's Motion to Revoke Probation.

## BACKGROUND

On July 29, 2021, Defendant entered a plea of guilty to two charges of Family Violence (as a Misdemeanor). See Judgment of Conviction (Aug. 26, 2021). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office for intake and processing within forty-eight (48) hours of sentencing.

Decision and Order Granting the People's Motion to Revoke Probation
CM0474-20 & CF0206-21, *People of Guam v. Jayson Salafan Phillip*
Page 1 of 6

- **COURT ORDERS:** Defendant shall comply with any court orders entered against Defendant, including orders of family court or any other local or federal court of competent jurisdiction.

- **COUNSELING/TREATMENT:** Defendant shall report to the Adult Probation Office for an intake and a drug and alcohol assessment. If referred to the Guam Behavioral Health and Wellness Center (GBWHC), Defendant shall follow all treatment plans as may be recommended by the drug and alcohol assessment counselor.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **FINE:** Defendant shall pay a fine of two thousand dollars ($2,000.00) plus court costs of eighty dollars ($80.00). All or part of the fine imposed maybe converted to community service at the current prevailing minimum wage.

- **COMMUNITY SERVICE:** Defendant shall complete one hundred (100) hours of community service under the direction of the Adult Probation Office. All or part of the community service imposed may be converted into a fine at the current prevailing minimum wage.

- **LAWS:** Defendant shall obey all federal and local laws of Guam.

Id.

Two months later, a Violation Report was filed indicating that Defendant hadn't reported to the Adult Probation Office for processing following his release from the Department of Corrections. See Violation Report (Sep. 29, 2021).

The matter was then scheduled for Further Proceedings commencing on November 17, 2021 and Defendant was summoned to appear. See Summons (Oct. 1, 2021). However, Defendant disobeyed the Court's orders and failed to appear. See Minute Entry (Nov. 17, 2021). A warrant was

Decision and Order Granting the People's Motion to Revoke Probation
CM0474-20 & CF0206-21, *People of Guam v. Jayson Salafan Phillip*
Page **2** of 6

then issued for Defendant's arrest and Defendant would spend the next four months hiding from authorities until his eventual arrest in March 2022. See Return of Warrant (Mar. 1, 2022).

The Court released Defendant the following day, on the condition that he report to the Adult Probation Office. See Minute Entry (Mar. 2, 2022). However, a Violation Report revealed that Defendant hadn't reported to the Adult Probation Office as promised. See Violation Report (Mar. 28, 2022). The Report also revealed that Defendant still hadn't paid off any of his fine or court costs, completed any of his community service hours, or attended his treatment and counseling sessions at CSFC and GBHWC. Id.

On June 29, 2022, Defendant again failed to appear at a required court hearing and a warrant was issued for his arrest. See Minute Entry (Jun. 29, 2022).

On October 11, 2022, a Violation Report was filed indicating that Defendant had been arrested on charges of Theft of Property (as a 3rd Degree Felony) in CF0636-22. See Violation Report (Oct. 11, 2022). Defendant would ultimately plead guilty to and be convicted of that offense. See CF0636-22 Minute Entry (Feb. 29, 2024).

On March 7, 2024, Defendant was released from the Department of Corrections, after spending over a year in custody following his October 2022 arrest. See Release from Confinement (Mar. 7, 2024). This release was conditioned on Defendant reporting to the Adult Probation Office the following day. Id. However, another Violation Report revealed that Defendant hadn't reported to the Adult Probation Office as promised. See Violation Report (Mar. 15, 2024). The Report also revealed that Defendant still hadn't paid off any of his fine or court costs, completed any of his community service hours, or attended his treatment and counseling sessions at CSFC and GBHWC. Id.

On March 27, 2024, Defendant again failed to appear at a required court hearing and a warrant was issued for his arrest. See Minute Entry (Mar. 27, 2024). Defendant would ultimately be arrested in February 2025, having evaded authorities for almost a year. See Return of Warrant (Feb. 12, 2025).

On February 27, 2025, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). The People base their request on Defendant's non-compliance with numerous probation conditions. See Motion (Feb. 27, 2025). Opposing the Motion, Defendant claims

Decision and Order Granting the People's Motion to Revoke Probation
CM0474-20 & CF0206-21, *People of Guam v. Jayson Salafan Phillip*
Page 3 of 6

he retains the ability to complete the terms of his probation if given another chance. See Opposition to Motion (Mar. 10, 2025).

On March 28, 2025, the Court held a Revocation Hearing and subsequently took the matter under advisement. See Minute Entry (Mar. 28, 2025).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

See 9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

See People of Guam v. Camacho, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." Id. at ¶ 30 (citing People v. Angoco, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. See 9 G.C.A. § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." Id. Should the Court revoke an offender's probation, "it may impose

Decision and Order Granting the People's Motion to Revoke Probation
CM0474-20 & CF0206-21, *People of Guam v. Jayson Salafan Phillip*
Page 4 of 6

on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant violated his probation conditions and that there is probable cause to support the violations. On three separate occasions, Defendant disobeyed this Court's orders and failed to appear at required hearings. See Minute Entry (Nov. 17, 2021); Minute Entry (Jun. 29, 2022); Minute Entry (Mar. 27, 2024). In addition to his failures to appear in court, Defendant has repeatedly failed to report at the Adult Probation Office. See Violation Report (Sep. 29, 2021); Violation Report (Mar. 28, 2022); Violation Report (Mar. 15, 2024). In fact, the Reports suggest Defendant hasn't once reported to the Adult Probation Office as required. Id. Defendant has also made zero progress on paying off his fines and court costs, completing his community service hours, or really completing any conditions of his probation. Id. And most concerning of all, Defendant is continuing to commit criminal actions while on probation, having since been convicted of Theft of Property (as a 3rd Degree Felony) in CF0636-22. See CF0636-22 Minute Entry (Feb. 29, 2024).

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." See 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, Defendant has exhausted the trust of the Court by repeatedly violating numerous probationary conditions. Defendant routinely disobeys this Court's orders, whether it be to report to the Adult Probation Office or to appear at required court hearings. Defendant's clear disregard for this Court's orders suggests that he will not comply with future orders from either the Court or the Probation Office. The only times Defendant does not seem to be violating the terms of his probation seem to be while he is incarcerated.

Decision and Order Granting the People's Motion to Revoke Probation
CM0474-20 & CF0206-21, *People of Guam v. Jayson Salafan Phillip*
Page **5** of 6

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the Court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA § 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to **two (2) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned case.

**IT IS SO ORDERED** this ___June 11, 202___



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
___AG, PDSC___

_____
Date: 6/12/25 Time: 9:49am
Antonio G. Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Granting the People's Motion to Revoke Probation
CM0474-20 & CF0206-21, *People of Guam v. Jayson Salafan Phillip*
Page **6** of **6**